OPINION
{¶ 1} Defendant-appellant Neil Addison Morgan appeals the February 11, 2004 Judgment Entry of the Fairfield County Court of Common Pleas revoking appellant's community control and imposing his previously suspended prison sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 19, 2001, appellant pleaded guilty to one count of burglary pursuant to a plea agreement. Following appellant's waiver of a separate sentencing hearing, the trial court imposed a sentence of confinement to the Correctional Reception Center for a period of four years with credit for seventy-eight days served.
 {¶ 3} On May 16, 2003, the trial court granted appellant's motion for judicial release, placing appellant on community control for a period of three years, with credit for time served.
 {¶ 4} On October 8, 2003, the State filed a motion to revoke community control. The trial court conducted a probable cause hearing on November 6, 2003, finding probable cause existed appellant violated the terms of his probation. On December 8, 2003, the trial court held a hearing on appellant's motion to revoke. Appellant admitted at the hearing he violated the terms of his community control. On December 15, 2003, appellant filed a motion to appoint a substance abuse expert. The state filed a memorandum contra on December 22, 2003. On February 11, 2004, via Judgment Entry, the trial court overruled the motion to appoint a substance abuse expert, and imposed the previously suspended prison sentence giving appellant credit for time served.
 {¶ 5} Appellant now appeals the February 11, 2004 Judgment Entry, assigning as error:
 {¶ 6} "I. The lower court erred in imposing the defendant's previously suspended prison sentence.
 {¶ 7} "II. The lower court erred in denying the defendant's motion to appoint substance abuse expert."
 {¶ 8} The standard of review that applies to both of appellant's assignments of error is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. It is based on this standard we review appellant's assignments of error.
 I {¶ 9} In his first assignment of error, appellant argues the trial court's imposition of the previously suspended prison sentence constitutes an abuse of discretion. Appellant maintains the trial court should have instead sentenced him to an intensive alcohol rehabilitation program.
 {¶ 10} Appellant relies upon Ohio Revised Code Section2929.13(E)(2), which provides:
 {¶ 11} "(2) If an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record either of the following:
 {¶ 12} "(a) The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program.
 {¶ 13} "(b) The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."
 {¶ 14} The following exchange took place during the December 8, 2003 hearing:
 {¶ 15} "THE COURT: Okay. In this motion to revoke your community control, it states — it alleges that you failed to maintain good behavior and conduct yourself in a proper manner. It also alleges that you failed to be home by 10:00 o'clock every night and not leave by 5:00 a.m. in the morning. It also alleges that you operated a vehicle without permission. It also — without legal permission or permission from the Court. It also states that you have not been truthful to the probation officer. It also states that you have not abstained from intoxicating beverages or from going to places where intoxicating beverages are sold as a major part of the business or abstained from the use from narcotics, illegal or habit-forming drugs without a prescription.
 {¶ 16} "Do you understand what is stated that they've alleged that you've violated?
 {¶ 17} "THE DEFENDANT: Yes, sir.
 {¶ 18} "THE COURT: Okay. Now, it's my understanding — and you don't have to do this, but it's my understanding that you are — you intend to agree that you did violate your community control, your probation, in these ways that I've just outlined. Is that true?
 {¶ 19} "THE DEFENDANT: Yes, sir."
* * *
 {¶ 20} "THE COURT: You understand that if you admit to violating your community control, the Court has a broad range of things that can be done. I can either do nothing, keep you on community control. I can extend the term or the length of your community control. I could order that you serve some time in the County Jail. I could order that you are sent to treatment. I could also order that you serve — the maximum thing that I could do would be to order that you serve the balance of whatever sentence is left in a penal institution. Do you understand?
 {¶ 21} "THE DEFENDANT: Yes, sir.
 {¶ 22} "THE COURT: Does that make any — knowing that, does that make any difference on whether or not you admit to violating your community control?
 {¶ 23} "THE DEFENDANT: No, sir. I just — I did violate the terms and I need to be honest about it and proceed with whatever comes."
Tr. at 4-6.
 {¶ 24} Appellant clearly admitted to violating the terms of his judicial release. Appellant admitted to violating the conditions of his community control sanction by failing to maintain good behavior, failing to be home at the designated time, operating a vehicle without permission, and for not being truthful to his probation officer. Appellant failed to abstain from intoxicating beverages or from going to places where they were sold. Upon review, the trial court's imposition of appellant's previously suspended prison sentence was not based solely in his producing positive results on a drug test as required by R.C. 2929.13(E)(2). Therefore, the trial court did not abuse its discretion in imposing appellant's previously suspended prison sentence.
 {¶ 25} Appellant's first assignment of error is overruled.
 II {¶ 26} In his second assignment of error, appellant asserts the trial court erred in denying his motion to appoint substance abuse expert.
 {¶ 27} At the time of the revocation and dispositional hearings, the trial court adjudged appellant indigent and appointed counsel for his defense. Appellant maintains without the appointment of a substance abuse expert to assist in his defense, he was unable to provide the trial court with specific, credible evidence of how the disease of alcoholism affected him now and in the past.
 {¶ 28} At the February 6, 2004 hearing, the trial court stated:
 {¶ 29} "THE COURT: Very well. The Court has read the motion and the memorandum contra, listened to the arguments of counsel on that. And given Mr. Morgan's criminal history, traffic history, the Court acknowledges that — I think it's readily apparent from his history and — if nothing else, his history in this case, the statements that were made in the written motion and memorandum, that the Defendant, Mr. Morgan, does have substance issues, maybe significant substance issues.
 {¶ 30} "And that being the case, the Court would also acknowledge, giving the Court's past nine years of dealing directly with individuals who suffer from substance abuse issues, that some form of counseling and/or treatment would no doubt benefit Mr. Morgan.
 {¶ 31} "So I guess what I'm saying is, I don't know that we need an expert to come in and say that because I acknowledge and accept that Mr. Morgan has substance issues, significant substance issues, and that those issues have no doubt affected some of the choices that he has made, and that he has attempted some treatment in the past and has attended some treatment in the past, and that if he were to set his mind to it in the future, that the treatment would no doubt benefit him. But he wouldn't even make the commitment to do that.
 {¶ 32} "Given that, the Court overrules the — I'll accept those facts as being present and consider that when making the decision that I make today. So with that, the Court overrules the motion."
Tr. at 5-6.
 {¶ 33} Upon review, the trial court did not abuse its discretion in denying appellant's motion for the appointment of a substance abuse expert. The court acknowledged and properly considered appellant's history of alcoholism, and the affect the substance issues had on his choices and actions. Further, appellant moved for the appointment post-trial, arguing the expert was necessary for appellant's defense. In light of the trial court's consideration of appellant's substance abuse issues, the absence of a substance abuse expert post-trial did not prejudice appellant.
 {¶ 34} Appellant's second assignment of error is overruled.
 {¶ 35} The February 11, 2004 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed.
Hoffman, P.J. Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the February 11, 2004 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.